Sean D. HORTON, Plaintiff—
Appellant,

v.

COUNTY OF LOS ANGELES; Los Angeles County Sheriff's Department;
Tony Hackett, Deputy; Dean Camarillo, Deputy; Jennifer Bateman, Sergeant, Defendants—Appellees.

No. 04–56034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided April 26, 2006.

Anthony N. Luti, Esq., The Luti Law Firm, Hollywood, CA, for Plaintiff-Appellant.

Etan Z. Lorant, Esq., Law Offices of Etan Z. Lorant, Encino, CA, Roquemore Pringle & Moore, Los Angeles, CA, Gilbert M. Nishimura, Esq., for Defendant-Appellee.

Before: PREGERSON and LEAVY, Circuit Judges, and BEISTLINE,* District Judge.

MEMORANDUM **

Horton appeals the district court's entry of summary judgment dismissing his claims under 42 U.S.C. § 1983 and various state claims. We review the challenged order de novo and affirm. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).

■ We find the searches were justified under the emergency exception because the Los Angeles County Sheriff's Department ("LACSD") deputies were responding to a report of a possible suicide in Horton's house. See Mincey v. Arizona, 437 U.S. 385, 392, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); United States v. Cervantes, 219 F.3d 882, 888 (9th Cir.2000). Under the first prong of Cervantes, deputies reasonably believed there was an emergency because they received a report of imminent suicide from a reliable source. See Cervantes, 219 F.3d at 888. The deputies' second search was also justified by the emergency call because there was no evidence that the emergency had subsided. One deputy's reentry to look for his missing keys was closely related to the first

two searches and was a de minimis intrusion. See United States v. Jacobsen, 466 U.S. 109, 125, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Under the second prong, there is no evidence that deputies were motivated by an intent to arrest or seize evidence. See Cervantes, 219 F.3d at 890. Finally, under the third prong, deputies had reason to believe the suicidal woman was in Horton's house because she rented a room in the house, and the emergency caller gave Horton's address as a likely location where she could be found. See id. at 891; Martin v. City of Oceanside, 360 F.3d 1078, 1082 (9th Cir.2004). Because police officers are not required to independently verify facts on the scene of the emergency, deputies were not required to believe Horton when he said that the victim was not at home or that the emergency had subsided. See United States v. Russell, 436 F.3d 1086, 1091–92 (9th Cir.2006).

■ We similarly find that the deputies' pat down and detention of Horton was justified because Horton objected to the deputies' searches and officers had reason to believe Horton was armed. See Michigan v. Summers, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); United States v. Flippin, 924 F.2d 163, 166 (9th Cir.1991). The manner in which deputies detained Horton was likewise reasonable under the circumstances. See Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 1470, 161 L.Ed.2d 299 (2005).

■ Horton's Monell claim against the City of Los Angeles and the LACSD fails because Horton has not shown any evidence of a policy or custom of constitutional violations. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Los Angeles v. Heller,

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Because deputies did not violate Horton's constitutional rights, we need not analyze whether defendants are entitled to qualified immunity. *See County of Sacramento v. Lewis,* 523 U.S. 833, 841, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Horton argues that the district court abused its discretion when it declined to exercise supplemental jurisdiction over his state law claims. But the district court granted summary judgment "on all claims," and therefore must have exercised jurisdiction over the state law claims. The district court did not abuse its discretion when it dismissed the state law claims on their merits.

We therefore AFFIRM the district court's decision.